IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JP MORGAN CHASE BANK, N.A.**, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:11-CV-563-L** |
| | § | |
| **MELODY PETERSON**, *and all occupants of* | § | |
| *852 Bentwater Parkway, Grand Prairie, Texas*, | § | |
| and **DONALD QUAITE**, | § | |
| | § | |
| Defendants. | § | |

# **MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion to Remand Proceeding, filed March 23, 2011. Defendants Melody Peterson and Donald Quaite (collectively, "Defendants"), proceeding *pro se*, filed no response to the motion. After carefully reviewing the motion, brief, appendix, record, and applicable law, the court **grants** Plaintiff's Motion to Remand Proceeding.

This action arises out of a foreclosure sale of real property held by Defendants and located at 852 Bentwater Parkway in Grand Prairie, Texas (the "Property"). Plaintiff JP Morgan Chase Bank, N.A. ("JP Morgan") purchased the Property on February 2, 2010. On January 20, 2011, JP Morgan sued Defendants for Forcible Detainer in the Justice of the Peace Court of Dallas County, Texas, Precinct 4, Place 2. Defendants were served on February 8, 2011, and JP Morgan received a Judgment of Possession on February 15, 2011. On March 22, 2011, Defendants appealed the judgment to the County Court at Law, Number 5, of Dallas County, Texas. The case was set for trial on March 22, 2011. Defendants removed the case to this court on March 18, 2011, and stated that it presented a federal question.

JP Morgan contends that there is no federal question because forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law. JP Morgan further contends that removal was untimely because Defendants were served with the state court citation on more than thirty days before they elected to remove. After reviewing the record and JP Morgan's appendices, the court agrees that removal was improper.

Defendants' purported showing of federal jurisdiction is improper because there is no federal question present to form the basis of JP Morgan's forcible detainer claim. Defendants' March 18, 2011 Notice of Removal contends that this action arises under the "Protecting Tenants at Foreclosure Act of 2009," Public Law 111-22, Title VII, section 702. JP Morgan's original petition for forcible detainer, however, in no way mentions a claim arising under Title VII. A mere defense to a state-law claim that rests on federal law is insufficient to establish federal question jurisdiction. "A case may not be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). "[T]he fact that federal law may provide a defense to a state claim is insufficient to establish federal question jurisdiction. . . . Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 550-51 (5th Cir. 2008) (citations omitted). The court accordingly does not believe that JP Morgan's complaint presents a federal question, and it finds that subject matter jurisdiction is lacking.

Even if the court assumes that federal jurisdiction exists, the court determines that Defendant's Notice of Removal was untimely. JP Morgan's appendix makes clear that Defendants

were served with notice of the proceeding in the justice of the peace court on February 8, 2011, and that Defendant's Notice of Removal was filed more than thirty days later. 28 U.S.C. § 1446(b).

For the reasons stated herein, the court **grants** Plaintiff's Motion to Remand Proceeding. The court, pursuant to 28 U.S.C. § 1447(c), **remands** this action to the County Court at Law, Number 5, of Dallas County, Texas. The clerk of the court shall effect the remand in accordance with the usual procedure.

**It is so ordered** this 19th day of April, 2011.

*/s/ Sam A. Lindsay*
Sam A. Lindsay
United States District Judge